UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSHUA I. MARTINEZ,

    Petitioner,

v.     Case No. 2:23-cv-115-JLB-KCD

FLORIDA DEPARTMENT OF
CHILDREN & FAMILIES,

    Respondent.
_____

## ORDER OF DISMISSAL

This cause is before the Court on Joshua I. Martinez's ("Petitioner's") amended *pro se* petition for writ of habeas corpus, filed under 28 U.S.C. § 2241. (Doc. 11.)   Petitioner is a pretrial detainee currently in the custody of the Florida Civil Commitment Center in Arcadia, Florida ("FCCC").  (Id. at 1.)   He faces nine felony charges in the Twelfth Judicial Circuit Court for Desoto County in case numbers 22-CF-000354 and 22-CF-000367.  (Id.)[1]

The Court now screens the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a court to dismiss a habeas petition if "it plainly appears from the petition and any attached

---

[1] Upon review of the petition and taking judicial notice the Desoto County Clerk of Court's website, it appears that Petitioner is awaiting trial on crimes allegedly committed while a civilly committed resident of the FCCC.  See https://www.civitekflorida.com/ocrs/county (choose Desoto County Clerk of Court/Public/Joshua Martinez).  Instead of being held at the Desoto County Jail, he was returned to the FCCC pending trial.  (Doc. 1 at 1.)

exhibits that the petitioner is not entitled to relief in the district court[.]"[2]  Because Petitioner asks the Court to interfere with an ongoing state prosecution and admits that he has not exhausted the constitutional nature of this claim in state court, the Court abstains from considering the merits of this petition, and it must be dismissed.

## Discussion

Under 28 U.S.C. § 2241, a state pretrial detainee may file a petition for writ of habeas corpus in a federal district court if his detention "violate[s] the Constitution or the laws or treaties of the United States."  Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003); 28 U.S.C. § 2241(c)(3).  Petitioner alleges that his detention is unlawful because he "has been detained longer than 185-days from August 26, 2022—the date [on] which he made his demand for a 'speedy trial' for his nine criminal charges."  (Doc. 11 at 6.)  Petitioner asks that "all nine charges in both criminal cases against him be dropped."  (Id. at 7.)

### A.   The Court is barred from considering Petitioner's claims under Younger v. Harris.

Without addressing the merits of the petition or considering whether a technical violation of the Florida speedy trial rule implicates the United States Constitution, the Court determines whether the abstention doctrine of Younger v. Harris, 401 U.S. 37 (1971) precludes relief.  Younger abstention applies when:  "(1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve

---

[2] The district court has discretion to apply Rule 4 to petitions filed under 28 U.S.C. § 2241.  See Rule 1(b), Rules Governing Section 2254 Cases.

important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue." Johnson v. Florida, 32 F.4th 1092, 1099 (11th Cir. 2022). The abstention doctrine "usually applies in cases involving criminal prosecution or the criminal justice system." Wexler v. Lepore, 385 F.3d 1336, 1339 (11th Cir. 2004)

Because of the ongoing state criminal prosecution against Petitioner, the Court must dismiss this petition under Younger unless one of three "narrow exceptions" to the abstention doctrine applies. The doctrine does not apply when: (1) the state proceedings were motivated by bad faith; (2) irreparable injury would occur; or (3) there is no adequate alternative state forum for Petitioner to raise the constitutional issue. Younger, 401 U.S. at 46–49; Johnson, 32 F.4th at 1099. Moreover, even where Younger "does not necessarily bar a state prisoner from seeking a federal order requiring that he be brought to trial," federal habeas corpus does not generally lie—absent special circumstances—to "adjudicate the merits of an affirmative defense to a state criminal charge." Johnson, 32 F.4th at 1099. And in Brown v. Estelle, the former Fifth Circuit held that the state's denial of the right to a speedy trial under state law does not constitute a "special circumstance." 530 F.2d 1280, 1283 (5th Cir. 1976) (recognizing that "an attempt to force the state to go to trial" may assert a federal claim, but "an attempt to dismiss an indictment or otherwise prevent a prosecution" is not a sufficient ground to enjoin a state proceeding).[3]

---

[3] Decisions by the former Fifth Circuit issued before October 1, 1981, are binding as precedent in the Eleventh Circuit. See Bonner v. City of Prichard, Ala.,

Petitioner does not allege—and it does not appear from the Court's careful review of the petition—that the state proceedings were motivated by bad faith or that irreparable injury will occur if this petition is not granted. Therefore, Younger abstention applies unless "there is no adequate alternative state forum where the constitutional issues can be raised." Petitioner alleges that he filed a "speedy trial" demand in state court but has not been brought to trial. However, he admits that he has not presented a Fifth Amendment claim in state court because he preferred to petition "directly to the United States [District] Court" on this issue. (Doc. 11 at 3.) Thus, Petitioner has not shown (or alleged) that he has no adequate forum in state court for his constitutional claim. And even if Petitioner's claim fell within one of Younger's narrow exceptions, it would still be barred as an attempt to "adjudicate the merits of an affirmative defense to a state criminal charge" in federal district court. See Johnson, 32 F.4th at 1099; Brown 530 F.2d at 1282. Accordingly, this Court abstains from considering the merits of this petition.

### B. Petitioner has not exhausted his state remedies.

Finally, the Court dismisses this case for another, independent, reason as well. A district court may not grant a § 2241 petition "unless the petitioner has exhausted all available state remedies." Georgalis v. Dixon, 776 F.2d 261, 262 (11th Cir. 1985); see also Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (applying the exhaustion requirement to a state pretrial detainee's § 2241 petition). To "ensure that state courts have the first opportunity to hear all claims,

---

661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

federal courts [require] 'a state prisoner to present the state courts with the same claim he urges upon the federal courts.' " McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).   In addition, the petitioner must take the claim "to the state's highest court, either on direct appeal or on collateral review."   Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010).

Petitioner's admission that he has not raised the constitutional aspect of this claim in state court precludes him from raising it here.  It is not sufficient that Petitioner raised a rule-based speedy trial claim in state court because Florida's speedy-trial rule "is a procedural protection and, except for the right to due process under the rule, does not reach constitutional dimension."   State v. Bivona, 496 So. 2d 130, 133 (Fla. 1986); see also Brown v. Wainwright, 495 F.2d 559, 560 (5th Cir. 1974) (affirming the dismissal of a Sixth Amendment speedy-trial claim where the appellants had exhausted a rule-based speedy-trial claim in state court but had not exhausted the constitutional claim in state court).   Therefore, in addition to being barred under Younger, this petition is subject to dismissal as unexhausted.

Accordingly, it is now **ORDERED**:

1. This case is **DISMISSED without prejudice** under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 as barred by the Younger abstention doctrine and as unexhausted.

2. Petitioner is **DENIED** a certificate of appealability.[4]

---

[4] **Certificate of Appealability**. When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that jurists of reason would find it debatable whether: (1) "the district court was correct in its procedural ruling"; and (2) the

5

3.  The **Clerk of Court** is directed to terminate any pending motions as moot, close this file, and enter judgment accordingly.

**DONE AND ORDERED** in Fort Myers, Florida on March 23, 2023.

*John L. Badalamenti*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   FTMP-2

Copies:   Joshua I. Martinez

---

petition "states a valid claim of the denial of a constitutional right." Slack v. McDaniel, 529 U.S. 473, 484 (2000).   Petitioner has not made this showing and is denied a certificate of appealability.